**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KALEN KLEES**, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 2:22-cv-1895** |
| v. | : : | **JUDGE** |
| **RECON OILFIELD SERVICES, INC.**, | : : | **MAGISTRATE JUDGE** |
| -and- | : : | **JURY DEMAND ENDORSED HEREON** |
| **TRIPLE J OILFIELD SERVICES LLC**, | : : : | |
| Defendants. | : : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Kalen Klees ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Defendants Recon Oilfield Services, Inc. ("Defendant Recon") and Triple J Oilfield Services LLC ("Defendant Triple J") (collectively Defendants Recon and Triple J will be referred to as "Defendants") for their failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G), (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws") (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio

Page **1** of **20**

Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio and Defendants conduct(ed) substantial business in the Southern District of Ohio.

**II.     PARTIES**

   **A.     Named Plaintiff**

4. Named Plaintiff is an individual and a United States citizen, and he was employed in this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts primarily in the position of Power Washer and Roustabout from approximately July 2018 until April 2021.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties for Defendants and was paid on an hourly basis.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and is attached as **Exhibit A**.

**B.** **Defendants**

8. Defendant Recon is a foreign corporation that is authorized to do business in Ohio and conducts business in this judicial district.

9. Defendant Recon provides BOP services and hydrostatic testing, pressure and steam washing, and oilfield roustabouts for oilfield companies in the State of Ohio and elsewhere in the United States.

10. Defendant Triple J is a foreign limited liability company that is authorized to do business in Ohio and conducts business in this judicial district.

11. Upon information and belief, Defendant Recon and Defendant Triple J are owned and operated by the same individual(s).

12. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers, as they jointly operate and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

13. Because the work performed by Named Plaintiff and all other field workers benefited Defendants and directly or indirectly furthered their joint interests, Defendants are

collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

14. Defendants collectively have/had substantial control over Named Plaintiff's and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

15. Defendants directly or indirectly control(ed) the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

16. Defendants maintain(ed) control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

17. Upon information and belief, Defendants cause(d) to be applied substantially the same employment policies, practices, and procedures to all employees at their locations, including policies, practices and procedures relating to payment of minimum wages, overtime wages, deductions, and timekeeping.

18. Each of the Defendants is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

19. Each of the Defendants has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and the Ohio Constitution Art. 2 § 34a.

21. Upon information and belief, Defendants jointly operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level).

22. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage laws of the United States and of the State of Ohio as well as Ohio's Recordkeeping laws.

23. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III. FACTS

24. Named Plaintiff and those similarly situated employees held job titles and/or worked in "job families" that included, but are not limited to, operator, laborer, roustabout, pressure washer, and those performing similar duties in the field (collectively referred to as "field workers").

25. Regardless of their particular job title or job family, Named Plaintiff and those similarly situated field workers were paid on an hourly basis and were non-exempt field workers of Defendants.

26. Defendants required Named Plaintiff and those similarly situated field workers to remain on call or at virtually all times.

27. Defendants contacted Named Plaintiff and those similarly situated field workers to report to work when they are needed for a job.

28. Named Plaintiff and those similarly situated field workers reported to Defendants' facility to begin work.

29. Named Plaintiff and those similarly situated field workers gathered their tools and traveled to the worksite.

30. Named Plaintiff and those similarly situated field workers remain at the job site until the work is completed, at which time Named Plaintiff and those similarly situated field workers return to Defendants' facility to unload tools and materials.

31. Named Plaintiff and those similarly situated field workers do not clock in and out for work. Instead, Named Plaintiff and those similarly situated field workers generally complete and submit a "Fit For Duty/Sign in Sheet" for/to Defendants' dispatchers who are then responsible for tracking Named Plaintiff's and those similarly situated field workers' compensable hours.

32. Oftentimes, however, Defendants did not accurately track Named Plaintiff's and those similarly situated field workers' time worked.

33. Named Plaintiff's and those similarly situated field workers' timesheets regularly reflected fewer hours worked than Named Plaintiff and those similarly situated field workers actually worked. Moreover, Named Plaintiff's and those similarly situated field workers' timesheets are often physically edited with white-out correction fluid and/or cross-outs to reduce their compensable hours worked.

34. Named Plaintiff and those similarly situated field workers were only paid for the time that Defendants' dispatchers recorded as their time worked regardless of whether Named Plaintiff and those similarly situated field workers worked more time than what was recorded.

35. Defendants' dispatchers regularly and systematically reduced Named Plaintiff's and those similarly situated field workers' hours worked to avoid paying overtime.

36. Defendants also took unlawful deductions that resulted in the underpayment of overtime wages in workweeks that Named Plaintiff and other similarly situated field workers worked overtime.

37. One example of the unlawful kickbacks that Defendants took from Named Plaintiff and other similarly situated field workers related to employer-provided housing. Defendants offered employer-provided housing to their hourly, non-exempt field workers in a variety of locations.

38. During relevant times, Defendants took $50 weekly housing deductions from their field workers who chose to live in such employer-provided housing.

39. These deductions were taken from field workers' weekly wages despite that the provided housing was often in a grossly dilapidated, unsanitary, and/or overcrowded condition.

40. Additionally, these deductions were taken from field workers' weekly wages despite that such housing situation allowed Defendants to require their hourly employees to remain on-call at all times.

41. Defendants often utilized this situation to their advantage when a need to have their field workers on an oilfield arose, regardless of the time of day or night, and Defendants would contact field workers in such housing and require them to report immediately. Field workers' sleep or off-duty time was regularly interrupted to perform work for Defendants.

42. At all times when they were not actively working, field workers who stayed in employer-provided housing were on-call.

43. Defendants' employer-provided housing was also not furnished in compliance with applicable federal, state, and/or local laws.

44. Defendants' employer-provided housing was provided primarily for Defendants' benefit because, among other things, Defendants benefitted from having these employees remain on-call at all times.

45. As a result of Defendants' unlawful deduction policies or practices, Named Plaintiff and other similarly situated field workers were not paid all overtime compensation owed to them because of improper deductions, including but not limited to the weekly housing deductions described herein.

46. Named Plaintiff and those similarly situated field workers regularly worked more than forty (40) hours per workweek, or they would have worked more than forty (40) hours per workweek if all of their compensable time had been logged, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendants' policy and/or practice to not accurately record or track their time worked.

47. Named Plaintiff and those similarly situated field workers were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendants' policy and/or practice to apply unlawful wage deductions, including but not limited to the housing deductions.

48. Defendants' failure to compensate Named Plaintiff and those similarly situated field workers as set forth above resulted in unpaid overtime.

49. Defendants' policy and/or practice of not fully compensating field workers applies to all of their similarly situated hourly, non-exempt field workers.

50. This unpaid work performed by Named Plaintiff and other similarly situated field workers constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

51. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated field workers.

52. At all times relevant herein, Named Plaintiff and those similarly situated field workers were employees as defined in the FLSA, the Ohio Acts, and the Ohio Constitution Art. 2 § 34a.

53. Defendants are and have individually and jointly been an "employer" as that term is defined by the FLSA, the Ohio Acts, and the Ohio Constitution Art. 2 § 34a.

54. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated field workers for time spent working as described herein.

55. As a result of Defendants' common policies and/or practices described above, Named Plaintiff and other similarly situated field workers have not been paid for all hours worked, resulting in overtime damages in one or more workweek(s) when they worked at least forty (40) hours during their employment.

56. Upon information and belief, for the three (3) years preceding this Complaint, Defendants applied the same pay practices and/or policies to all similarly situated hourly, non-exempt field workers, including Named Plaintiff.

### A.   216(b) Collective Action for Unpaid Overtime Wages

57. Named Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

58. The collective that Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt Ohio field workers of Defendants who had a wage deduction applied to their pay in any workweek that they worked more than 40 hours beginning three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Deduction Collective" or "FLSA Deduction Collective Members").**

59. The employees encompassed in the definitions above include, but are not limited to, employees working as "field workers."[1]

60. This action is maintainable as an "opt-in" collective action pursuant to Section 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former field workers are similarly situated with regard to their wages and claims for unpaid overtime wages and damages. Named Plaintiff is representative of those other field workers and is acting on behalf of their interests, as well as his own, in bringing this action.

61. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

   **B.     Rule 23 Class Action for Unpaid Overtime Wages**

62. Named Plaintiff additionally brings his claims under the Ohio Acts pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All Ohio current and former hourly, non-exempt field workers of Defendants who worked at least 40 hours in any workweek beginning two years preceding the filing of this Complaint and**

---

[1] Again, "field workers" includes those employees working in positions with the following titles or in the following job family: BOP, operator, laborer, roustabout, pressure washer, and those performing similar duties in the field.

> **continuing through the final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").**

63. Named Plaintiff further brings his claims under the Ohio Acts pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt Ohio field workers of Defendants who had a wage deduction applied to their pay in any workweek that they worked more than 40 hours beginning two years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Rule 23 Deduction Subclass" or the "Rule 23 Deduction Subclass Members").**

64. The Rule 23 Class and the Rule 23 Deduction Subclass include all field workers employed by Defendants who worked in the State of Ohio during the relevant time period above.

65. The Rule 23 Class and the Rule 23 Deduction Subclass, as defined above, are both so numerous that joinder of all members is impracticable.

66. Named Plaintiff is a member of the Rule 23 Class and the Rule 23 Deduction Subclass, and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class and the Rule 23 Deduction Subclass.

67. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the Rule 23 Deduction Subclass and the interests of all members of the classes.

68. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class and the Rule 23 Deduction Subclass that he has undertaken to represent.

69. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class and the Rule 23 Deduction Subclass.

70. Questions of law and fact are common to the Rule 23 Class and the Rule 23 Deduction Subclass.

71. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt field workers.

72. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class and the Rule 23 Deduction Subclass.

73. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Rule 23 Class and the Rule 23 Deduction Subclass predominate over questions affecting individual members of the Rule 23 Class and the Rule 23 Deduction Subclass and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

74. Questions of law and fact that are common to the Rule 23 Class and the Rule 23 Deduction Subclass include, but are not limited to: (a) whether Defendants violated the Ohio Acts by failing to pay the Rule 23 Class for all overtime hours worked; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants' wage deductions were taken in violation of the Ohio Acts; (d) whether Defendants' violations of the Ohio Acts were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class and Rule 23 Deduction Subclass on account of Defendants' violations of the Ohio Acts; (f) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (g) what amount of prejudgment interest is due to Named Plaintiff, the Rule 23 Class Members, and Rule 23 Deduction Subclass Members for overtime or other compensation that was withheld or not paid to them.

75. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

IV. **CAUSES OF ACTION**

**COUNT I**
**(29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Deduction Collective Members against Defendants.

78. Defendants' practice and/or policy of taking unlawful wage deductions resulted in the underpayment of overtime wages in workweeks that Named Plaintiff and other similarly situated FLSA Deduction Collective Members worked overtime.

79. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

80. As a result of Defendants' practices and/or policies, Named Plaintiff and the FLSA Deduction Collective Members have been injured in that they have not received overtime wages due to them pursuant to the FLSA.

81. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Deduction Collective Members is

unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

82. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Deduction Collective.

**COUNT II**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME UNDER THE OHIO WAGE ACT)**

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. This claim is brought under the Ohio Wage Act.

85. Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

86. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) their regular rates of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (same).

87. While employed by Defendants, Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but they were not fully paid overtime wages for all such hours spent working as outlined above.

88. As a result of Defendants' company-wide corporate policies, they failed to pay Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members all overtime wages earned resulting in unpaid overtime.

89. Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members were not exempt from the wage protections of the Ohio Acts.

90. Defendants' repeated, knowing failures to pay overtime wages to Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members were violations of Section 4111.03, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members are entitled.

91. For Defendants' violations of Section 4111.03, Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

92. All of the preceding paragraphs are realleged as if fully rewritten herein.

93. Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members have been employed by Defendants.

94. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members have been employed by Defendants within the meaning of the OPPA.

95. The OPPA requires that the Defendants timely pay Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members all wages in accordance with Section 4113.15(A).

96. By failing to pay Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members all wages due to them under the FLSA and the Ohio Wage Act, Defendants also violated the OPPA.

97. Named Plaintiff's, the Rule 23 Class Members', and the Rule 23 Deduction Subclass Members' unpaid overtime wages and unlawful deductions remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

98. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

99. As a result of Defendants' willful violation, Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT IV
### (VIOLATIONS OF RECORDKEEPING LAWS)

100. All of the preceding paragraphs are realleged as if fully rewritten herein.

101. Ohio Revised Code §§ 4111.08, 4111.14(G), (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. O.R.C. §§ 4111.08, 4111.14(G), (H), Ohio Const. Art. 2 § 34a; *see also* 29 C.F.R. §§ 516.2, *et seq.* (same).

102. During times material to this complaint, Defendants were covered employers and required to comply with Ohio's Recordkeeping laws.

103. Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members were covered employees entitled to the protections of Ohio's Recordkeeping laws.

104. During times material to this complaint, Defendants violated Ohio's Recordkeeping laws with respect to Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members by failing to properly maintain accurate records of all hours that Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members worked each workday and within each workweek.

105. In violating Ohio's Recordkeeping laws, Defendants acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

### COUNT V
### RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. § 2307.60

106. All of the preceding paragraphs are realleged as if fully rewritten herein.

107. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

108. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members have been injured as a result.

109. Section 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

110. As a result of Defendants' willful violations of the FLSA, Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members are entitled to compensatory and punitive damages pursuant to Section 2307.60.

**V.** **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

  A.  Certifying the proposed FLSA collective action;

  B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

  C.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Deduction Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

  D.  Certifying the proposed Rule 23 Class under the Ohio Acts;

  E.  Certifying the proposed Rule 23 Deduction Subclass under the Ohio Acts;

  F.  Finding that Defendants have failed to keep accurate records in accordance with the FLSA and the Ohio Acts, and, as such, Named Plaintiff, FLSA Deduction Collective Members, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members are entitled to prove their hours worked with reasonable estimates;

  G.  Declaring judgment against Defendants for damages for all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

  H.  Declaring judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

  I.  Awarding unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

J.	Awarding liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed during the applicable statutory period;

K.	Awarding compensatory and punitive damages under O.R.C. § 2307.60;

L.	Awarding costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

M.	Awarding Named Plaintiff's counsel reasonable attorneys' fees and all costs connected with this action;

N.	Granting further leave to add additional plaintiffs;

O.	Declaring judgment for all civil penalties to which Named Plaintiff, the FLSA Deduction Collective, the Rule 23 Class, and the Rule 23 Deduction Subclass may be entitled; and

P.	Granting such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
	agedling@mcoffmanlegal.com
	khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## **JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

                                                */s/ Matthew J.P. Coffman*
                                                Matthew J.P. Coffman