**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KALEN KLEES**, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 2:22-cv-1895** |
| v. | : : : | **JUDGE JAMES L. GRAHAM** |
| **RECON OILFIELD SERVICES, INC.**, *et al.*, | : : : | **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| Defendants. | : : | |

**PLAINTIFF'S PRE-DISCOVERY MOTION FOR CONDITIONAL
CERTIFICATION AND COURT-AUTHORIZED NOTICE TO
POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b)**

Now comes Named Plaintiff Kalen Klees ("Named Plaintiff"), who respectfully moves this Court to enter an order pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b):

(1) Conditionally certifying this case as an FLSA collective action under Section 216(b) against Defendants Recon Oilfield Services, Inc. and Triple J Oilfield Services LLC (collectively "Defendants") on behalf of Named Plaintiff and others similarly situated;

(2) Implementing a procedure whereby Court-approved Notice of FLSA claims is sent by U.S. mail, email, and text to:

> **All current and former hourly, non-exempt Ohio field workers of Defendants who had a wage deduction applied to their pay in any workweek that they were paid for more than forty (40) hours during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.**

(3) Approving the proposed Notice and Consent forms, attached as **Exhibit 1**;

(4) Directing Defendants to provide, within fourteen (14) days of an order granting conditional certification, a roster of all persons who fit the definition in Paragraph 2 (the "Potential Opt-In Plaintiffs") that includes their full names, their dates of employment, their locations worked, job titles, their last known home addresses, their personal email addresses, and their mobile phone numbers (the "Roster"); and

(5) Directing that the Court-approved Notice and Consent to Join forms be sent to such present and former employees within fourteen (14) days of receipt of the Roster using the Potential Opt-In Plaintiffs' mailing and email addresses as well as mobile phone numbers.

A Memorandum in Support of this Motion, as well as supporting evidentiary exhibits, is attached.

Dated: June 22, 2022          Respectfully submitted,

**COFFMAN LEGAL, LLC**

<u>/s/ Matthew J.P. Coffman</u>
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## **MEMORANDUM OF LAW IN SUPPORT**

Named Plaintiff respectfully requests that this Court grant conditional certification under 29 U.S.C. § 216(b) and order the issuance of notice to similarly situated persons, enabling them to opt in to this lawsuit pursuant to the FLSA. Named Plaintiff and other members of the proposed collective are non-exempt field employees who have had unlawful deductions applied to their pay, which resulted in them not being paid full overtime wages to which they were entitled in one or more workweek(s).

Defendants do not pay Named Plaintiff and Potential Opt-In Plaintiffs all pay, including overtime pay that they earned. Instead, Defendants underpay Named Plaintiff and Potential Opt-In Plaintiffs by applying unlawful deductions, or kick-backs, to Named Plaintiff's and the Potential Opt-In Plaintiffs' pay. These unlawful kick-backs result in Defendants' failure to pay their employees all overtime premium they have earned "free and clear" in violation of the FLSA.

Named Plaintiff seeks to allow other field employees who have had deductions applied to their pay in workweek(s) where they worked more than forty (40) hours to receive notice of this collective action so that they have an opportunity to join this case. Named Plaintiff's evidence exceeds the Sixth Circuit's modest, lenient standard for conditional certification, and the Court should certify this collective action and order notice to be sent to the Potential Opt-In Plaintiffs.

Accordingly, Named Plaintiff requests conditional certification of his proposed collective.

**I.    STATEMENT OF THE CASE**

On April 6, 2022, Named Plaintiff filed this collective and class action lawsuit to recover unpaid overtime wages owed to current or former employees of Defendants because of Defendants' FLSA violations. Defendants employ(ed) Named Plaintiff and individuals who are similarly situated and eligible to join but who have not yet received notice and joined this case at Defendants' location in the State of Ohio.

This Motion is supported by the substantial allegations in Named Plaintiff's Complaint[1] and by the participation of Named Plaintiff Kalen Klees and the current opt-in plaintiff, namely, Joshua Shafer (collectively "Declarants") and their sworn declaration testimony.[2] These employees confirm that Defendants maintain(ed) a companywide policy of taking deductions from their field employees' pay, which resulted in field employees not being paid all overtime premium that they earned in workweeks where they worked over forty (40) in a workweek.

As discussed below, this evidence is more than enough to meet Named Plaintiff's lenient, modest burden for conditional certification.

## II. STATEMENT OF FACTS

Defendants operate a business that provides BOP services and hydrostatic testing, pressure and steam washing, and oilfield roustabouts for oilfield companies in the State of Ohio and elsewhere in the United States.[3] At all relevant times, Defendants employ/employed Declarants and the Potential Opt-In Plaintiffs to provide all or some of these services. Declarants and the Potential Opt-In Plaintiffs are/were field employees of various titles. Defendants maintained a policy and/or practice of taking various deductions from their field employees' wages earned on their paychecks.[4] These deductions include, but are not limited to, housing deductions and tool deductions.[5] Moreover, Defendants used form agreements related to the various deductions.[6] These unlawful deductions of field employees' hours worked resulted in them earning less than one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek(s).[7]

---

[1] ECF No. 1.
[2] The declarations are attached as **Exhibits 2 & 3**. Declaration of Kalen Klees (hereinafter "Klees Decl."), Ex. B; Declaration of Joshua Shafer (hereinafter "Shafer Decl."), Ex. B.
[3] *See* Compl., ECF No. 1, ¶ 9.
[4] *See* Klees Decl., Ex. 2, ¶¶ 6–8, 13; Shafer Decl., Ex. 3, ¶¶ 6–8, 13.
[5] Klees Decl., Ex. 2, ¶¶ 6–8, 13; Shafer Decl., Ex. 3, ¶¶ 6–8, 13.
[6] Klees Decl., Ex. 2, Exs. A, B, C, D, and E; Shafer Decl., Ex. 3, Exs. A, B, C, D, and E.
[7] *See* Klees Decl., Ex. 2, ¶ 15; Shafer Decl., Ex. 3, ¶ 15.

### III. LAW AND ARGUMENT

#### A. The FLSA Authorizes Collective Actions and Notice to Similarly Situated Employees.

The FLSA provides that an employer who violates the overtime requirement can be sued by the affected employees collectively. *See* 29 U.S.C. § 216(b). Moreover, where the employer's violations are alleged to be widespread, the FLSA affirmatively grants an aggrieved employee the right to bring an action "for and on behalf of himself . . . and other employees similarly situated," provided that the "opt in" plaintiffs file written consents with the court. *Id.* This pre-discovery motion requests the court's approval and circulation of the Notice of the pendency of this action to the putative collective members pursuant to Section 216(b) so they can timely exercise their "opt in" rights in this FLSA litigation. Under the FLSA, until a person affirmatively "opts in" by filing a written consent with the court, the statute of limitations on their FLSA claim continues to run.

In *Hoffmann-La Roche, Inc. v. Sperling*, the United States Supreme Court established that judicial notice to potential collective members in FLSA collective actions is proper in "appropriate cases."[8] The Court construed Section 216(b) to empower the Court to supervise notice to those potential similarly situated employees about a pending collective action.[9] Commenting favorably upon collective actions, the Supreme Court noted:

> A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity. These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.[10]

---

[8] 493 U.S. 165, 165 (1989).
[9] *Id.* at 170.
[10] *Id.*

The lack of collective-wide tolling of the statute of limitations in FLSA cases should cause the Court to favor providing notice to other similarly situated persons of their "opt in" rights at the earliest stage of the litigation. When a plaintiff brings a motion for conditional certification, "[t]ime is of the essence because 'the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in.'"[11] Failing to provide such prompt notice frustrates the FLSA's broad remedial purposes and its specific grant of collective action rights to employees.[12]

As demonstrated by the pleadings and the detailed declarations submitted by Declarants, the damages caused by Defendants' conduct is widespread among the Putative Collective. Accordingly, this Court should grant conditional certification and court-supervised notice to be sent to the Putative Collective Members so they can be informed of this lawsuit at this preliminary notice stage.

### B. The Sixth Circuit Applies a Lenient Standard When Conditionally Certifying an FLSA Collective Action.

The FLSA requires covered employers to pay non-exempt employees one-and-one-half times (1.5x) the employee's regular rate of pay for each hour worked in excess of forty hours per week.[13] The FLSA has a remedial objective, permitting aggrieved employees to bring claims individually or on behalf of other similarly situated employees, provided that the "opt-in" plaintiffs file notices of written consent to sue with the court. *See* 29 U.S.C. § 216(b). Its remedial objectives are furthered by awarding prevailing plaintiffs unpaid wages plus an additional amount for

---

[11] Lewis v. Huntington Nat'l Bank, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (Marbley, J.) (quoting Musarra v. Dig. Dish, Inc., No. C2-05-545, 2008 WL 818692, at *2 (S.D. Ohio Mar. 24, 2008) (Marbley, J.)).
[12] *See* Fisher v. Michigan Bell Tel. Co., 665 F. Supp. 2d 819, 828–29 (E.D. Mich. 2009).
[13] Atkinson v. TeleTech Holdings, Inc., No. 3:14-cv-253, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015) (Rice, J.) (citing 29 U.S.C. §§ 206–07).

liquidated damages, reasonable attorneys' fees, and costs.[14]

"Courts within the Sixth Circuit generally apply a two-step procedure for determining whether an FLSA case should proceed as a collective action."[15] Certification of the FLSA collective under Section 216(b) typically proceeds in two phases because unlike Federal Rule of Civil Procedure 23 class actions, the statute of limitations on FLSA claims continues to run until respective putative collective members file written consents with the court.[16] Accordingly, it is important that notice of the collective action be given to all potential opt-in plaintiffs as soon as practicable so they can decide whether to participate in the lawsuit. In *Hoffmann-La Roche*, the Supreme Court praised the judicial benefits gained through collective action proceedings and recognized the importance of mandatory notice requirements.[17]

In recognition of the judicial efficiencies and cost-saving benefits of collective actions, courts in the Sixth Circuit follow the two-step approach when deciding whether named plaintiffs are similarly situated for the purpose of certifying a collective action.[18]

This Court has routinely granted conditional certification in cases involving similar allegations.[19]

### 1. **The Notice Stage**

The first stage, known as "conditional certification," occurs "prior to the completion of

---

[14] *Atkinson*, 2015 WL 853234, at *2 (citing 29 U.S.C. § 216(b)).
[15] Betts v. Central Ohio Gaming Ventures, LLC, No. 2:16-cv-373, 2018 WL 2316641, at *1 (S.D. Ohio Jan. 5, 2018) (Watson, J.) (citing Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546–47 (6th Cir. 2006)).
[16] Funk v. Airstream, Inc., No. 3:17-cv-260, 2018 WL 2229141, at *4 (S.D. Ohio May 16, 2018) (Rice, J.); *Atkinson*, 2015 WL 853234, at *2 (citing *Lewis*, 789 F. Supp. 2d at 867); *Comer*, 454 F.3d at 546; O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 582–83 (6th Cir. 2009); Monroe v. FTS USA, LLC, 815 F.3d 1000, 1008 (6th Cir. 2016).
[17] 493 U.S. at 165.
[18] *See O'Brien*, 575 F.3d at 582–83 (explaining that district courts follow a two-stage certification process to determine whether the opt-in plaintiffs and lead plaintiffs are similarly situated).
[19] *See, e.g.*, Farmer v. LHC Group, Inc., No. 2:20-cv-3838, 2020 WL 7416946 (S.D. Ohio Dec. 18, 2020) (Graham, J.); Shiflet v. Healthcare Ventures of Ohio, LLC, No. 2:20-cv-3428, 2020 WL 6390070 (S.D. Ohio Nov. 22, 2020) (Sargus, J.); *Funk*, 2018 WL 2229141.

discovery and requires the plaintiff to make an initial showing that the employees in the proposed collective are 'similarly situated.'"[20] At this stage, the court determines whether the suit should be "conditionally certified" as a collective action so that potential opt-in plaintiffs can be notified of the suit's existence and of their right to participate.[21] This case is currently in the notice stage because the instant Section 216(b) motion was filed before the parties have completed any formal discovery.

At this initial stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility."[22] Indeed, "[r]equiring any more factual support from Plaintiff at this early stage, or weighing [Defendants'] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification."[23]

### (a)  Burden of Proof

At this first stage of certification, a "plaintiff must only 'make a modest factual showing' that [she] is similarly situated to the other employees [s]he is seeking to notify."[24] At this stage, named plaintiffs must only make a "modest showing" of being similarly situated, and this standard is satisfied if their "causes of action accrued in approximately the same manner as those of the named plaintiffs."[25] Application of this first-stage, "fairly lenient standard . . . typically results in

---

[20] *Betts*, 2018 WL 2316641, at *2 (quoting 29 U.S.C. § 216(b)); *see* Brittmon v. Upreach, LLC, 285 F. Supp. 3d 1033, at 1042 (S.D. Ohio 2018) (Watson, J.); Wysincavage v. Penn Nat'l Gaming, Inc., No. 2:16-cv-1063, 2017 WL 5129003, at *2 (S.D. Ohio Oct. 23, 2017) (Watson, J.).
[21] *Comer*, 454 F.3d at 546–47; *see also* Lacy v. Reddy Elec. Co., No. 3:11-cv-52, 2011 WL 6149842, at *2 (S.D. Ohio Dec. 9, 2011) (Rice, J.) ("Conditional certification is meant only to aid in identifying similarly situated employees.").
[22] *Betts*, 2018 WL 2316641, at *2 (quoting Myers v. Marietta Mem. Hosp., 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.)) (internal quotation marks omitted).
[23] *Lacy*, 2011 WL 6149842, at *3.
[24] *Betts*, 2018 WL 2316641, at *2 (quoting *Comer*, 454 F.3d at 546–47) (internal quotation marks omitted).
[25] *Atkinson*, 2015 WL 853234, at *2 (citing *Lewis*, 789 F. Supp. 2d at 867–68) (internal quotations marks omitted); *see* White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 877 (6th Cir. 2012).

conditional certification."[26]

Individuals are "similarly situated" for purposes of the FLSA if their "causes of action accrued in approximately the same manner as those of the named plaintiffs."[27] In short, "the plaintiff need only show that 'his position is similar, not identical to the positions held by the putative class members.'"[28] The Court considers that issue "using a fairly lenient standard, and typically results in conditional certification of a representative class."[29]

Courts regularly authorize conditional certification and notice to the potential collective members using a fairly lenient standard when named plaintiffs demonstrate that they are "similarly situated" to the other employees whom they seek to notify.[30] This Court, as well as other district courts in the Sixth Circuit, has recognized that the burden can be met solely upon allegations in the complaint.[31]

In light of the FLSA's remedial purpose, courts have repeatedly held that the similarly situated requirement of Section 216(b) must be interpreted generously to permit workers to collectively pursue their FLSA claims.[32] Further, the Sixth Circuit has stressed that the Court should not apply a "Rule-23 type analysis" as to whether "individualized questions will

---

[26] *Atkinson*, 2015 WL 853234, at *2 (citing *Comer*, 454 F.3d at 547).
[27] Castillo v. Morales, Inc., 302 F.R.D. 480, 484 (S.D. Ohio 2014) (Marbley, J.); *see* McCullen v. Toledo Country Club, No. 3:18-cv-276, 2019 WL 90809, at *1 (N.D. Ohio Jan. 3, 2019) (alteration and emphasis in original) (internal quotation marks and further citation omitted) (finding that initial certification of a collective action only requires a named plaintiff to make a "modest factual showing" that the plaintiff and other potential plaintiffs "suffer from a single, FLSA-violating policy *or* whose claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct").
[28] *Castillo*, 302 F.R.D. at 484 (quoting *Comer*, 454 F.3d at 546–47).
[29] *Id*. (quoting *Comer*, 454 F.3d at 546–47).
[30] Sisson v. OhioHealth Corp., No. 2:13-cv-0517, 2013 WL 6049028, at *2 (S.D. Ohio Nov. 14, 2013) (Frost, J.).
[31] *See, e.g.*, Hawkins v. Extended Life HomeCare Ltd., No. 2:18-CV-344, 2019 WL 952737, at *2 (S.D. Ohio Feb. 27, 2019) (Marbley, J.) (further citation omitted); Creely v. HCR Manorcare, Inc., 789 F. Supp. 2d 819, 825 (N.D. Ohio 2011) (further citation omitted).
[32] *See* Hipp v. Liberty Nat'l Ins. Co., 252 F.3d 1208, 1214 (11th Cir. 2001) ("We conclude the similarly situated requirement is not particularly stringent[.]"); Garner v. G.D. Searle Pharm. & Co., 802 F. Supp. 418, 422 (M.D. Ala. 1991) (giving a rigorous inquiry into Section 216(b)'s similarly situated requirement "would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the antidiscrimination provisions of the FLSA") (quoting *Hoffmann-La Roche*, 493 U.S. at 173.)

predominate."[33]

Once a court determines a case is appropriate for conditional certification, it approves notice to putative collective group members. The Supreme Court has held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

In *Brandenburg v. Cousin Vinny's Pizza*, this Court conditionally certified an FLSA collection action and authorized notice in a scenario involving a parent company that owned and operated numerous limited liability companies.[34] As underscored by this Court when it granted conditional certification for multiple entities after submission of one declaration and business documents, it is a "modest burden that Plaintiffs face at the conditional stage – demonstrating a 'factual nexus.'"[35]

### (b) Evidence Typically Accepted to Meet the "Similarly Situated" Test

To obtain conditional certification of their collective action, Named Plaintiff may rely on pleadings and supplementary materials such as affidavits and other supporting documents.[36] Named Plaintiff has exceeded this burden.

Courts in the Sixth Circuit have rejected any requirement that plaintiffs demonstrate interest by potential opt-in plaintiffs in order to obtain court-facilitated notice. For example, in *Parker v. Breck's Ridge, LLC*, this Court stated clearly that there is "no requirement in the Sixth

---

[33] Wade v. Werner Trucking Co., No. 2:10-cv-00270, 2012 WL 5378311, at *4 (S.D. Ohio Oct. 31, 2012) (Sargus, J.) (quoting *O'Brien*, 575 F. 3d at 585–86).
[34] No. 3:16-cv-516, 2017 WL 3500411, at *1 (S.D. Ohio Aug. 15, 2017) (Rice, J.).
[35] *Id.* at *3–4.
[36] *See Funk*, 2018 WL 2229141, at *5; Shipes v. Amurcon Corp., No. 10-14943, 2012 WL 995362, at *4 (E.D. Mich. Mar. 23, 2012) ("[A]t this stage courts typically conditionally certify a representative class because the court has only minimal evidence before it[.]"); *see also Lacy*, 2011 WL 6149842, at *2 ("No minimum number of similarly-situated employees is required for conditional certification.").

Circuit that a plaintiff seeking conditional certification first identify class members interested in joining the collective action."[37] There is no minimum number of similarly situated individuals and no minimum number of plaintiffs at the time of conditional certification necessary to warrant granting conditional certification as a collective action.[38] Here, Named Plaintiff and one (1) opt-in plaintiff (Joshua Shafer) have opted in to this lawsuit, and they have presently submitted declarations as well as business documents in support of conditional certification.

Consequently, Named Plaintiff has exceeded the "fairly lenient" burden required at this early pre-discovery notice stage, which typically results in conditional certification.[39] Furthermore, the fact that Defendants uniformly apply this pay practice to all of their field employees means that the damages are widespread.[40]

(c) **Remedial Purpose of the FLSA**

In 29 U.S.C. § 216(b), "Congress has stated its policy that . . . plaintiffs should have the opportunity to proceed collectively."[41] After all, "[a] collective action allows . . . plaintiffs the

---

[37] No. 2:17-cv-633, 2018 WL 551328, at *5 (S.D. Ohio Nov. 12, 2019) (Sargus, J.) (further citation omitted).
[38] *See* De Angelis v. Nolan Enters., Inc., No. 2:17-cv-926, 2019 WL 6715975 (S.D. Ohio Dec. 10, 2019) (Marbley, J.) (granting conditional certification based on two declarations); *Funk*, 2018 WL 2229141, at *5 (granting conditional certification based on two declarations and five pay stubs "giving rise to a common theory of liability"); Staggs v. Fuyao Glass Am., Inc., No. 3:17-cv-00191, 2018 WL 840178, at *2 (S.D. Ohio, Feb. 8, 2018) (Rose, J.) (granting conditional certification because the "allegations in the Complaint and Plaintiffs' declarations agree that Defendant's staff . . . are alleged to be victims of the same policy, decision, and practice to deny them overtime pay. This suffices to consider Plaintiffs and the putative collective members and subclass members are similarly situated for purposes of conditional certification."); *Brandenburg*, 2017 WL 3500411, *3–4 (granting conditional certification for multiple entities and locations based on one declaration and business documents); Ford v. Carnegie Mgmt. Servs., Inc., No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (Jolson, J.) (Court granted conditional certification for all Ohio locations based only upon one declaration); *Castillo*, 302 F.R.D. 480 (granting conditional and class certification for employees at eight locations, which operated under different entities, based on two declarations); *Sisson*, 2013 WL 6049028 (granting the motion for conditional certification when it was supported by one declaration); Snelling v. ATC Healthcare Servs., Inc., No. 2:11-cv-00983, 2012 WL 6042839 (S.D. Ohio Dec. 4, 2012) (Sargus, J.) (granting the plaintiff's motion for conditional certification for nurses throughout the entire state of Ohio supported by two declarations).
[39] *Funk*, 2018 WL 2229141 at *4; *see* Osman v. Grube, Inc., No. 16-cv-802, 2017 WL 2908864, at *6 (N.D. Ohio July 7, 2017); *McCullen*, 2019 WL 90809 at *2.
[40] *Funk*, 2018 WL 2229141, at *5; *Atkinson*, 2015 WL 853234, at *2; *Lewis*, 789 F. Supp. 2d at 868; Heaps v. Safelite Sols., LLC, No. 2:10 CV 729, 2011 WL1325207, at *2 (S.D. Ohio Apr. 5, 2011) (Frost, J.).
[41] *Hoffmann-La Roche*, 493 U.S. at 170.

advantage of lower individual costs to vindicate rights by the pooling of resources."[42] That pooling should be encouraged because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity."[43] The bottom line was clearly stated in *Hoffman-La Roche*: "[t]he broad remedial goal of the statute should be enforced to the full extent of its terms."[44]

Although the universe of Putative Collective Members is unknown at this time, conditional certification is appropriate because adjudicating these relatively small cases individually rather than in a collective forum would be costly and inefficient.

### (d) Another Purpose of Expeditious Notice Is to Preserve Claims

For purposes of authorizing notice during the early stages of litigation, a court need only make a preliminary determination of whether there exists a collective of potential similarly situated individuals.[45] As stated in *Sperling v. Hoffmann-LaRoche, Inc.*:

> [N]otice to absent class members need not await a conclusive finding of similar situations. To impose such a requirement would condemn any large class claim … to a chicken-and-egg limbo in which the class could only notify all its members to gather together after it had gathered together all its members, and from which the class could escape only by refusing entry after some unpublicized cutoff date to additional class members who thereafter stumble upon the case by themselves.[46]

The court concluded that allowing notice to be sent prior to a final decision on the similarly situated element would assure that the decision made after absent members had opted-in would be

---

[42] *Id.*; *see also* LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2014 WL 934379, at *10 (E.D. Va. Mar. 7, 2014) ("Each individual plaintiff would be unlikely to pursue his or her claim alone due to the costs involved relative to the damages sought.").
[43] *Hoffmann-La Roche*, 493 U.S. at 170.
[44] *Id.* at 173.
[45] Perez v. A+ Building Maint. and Home Repair, LLC, No. 3:17CV01261, 2018 WL 2002420, at *3 (N.D. Ohio Apr. 30, 2018); Olivo v. GMAC Mortg. Corp., 374 F. Supp. 2d 545, 547–48 (E.D. Mich. 2004).
[46] 118 F.R.D. 392, 406 (D.N.J. 1988), *aff'd*, 862 F.2d 439 (2d Cir.), *aff'd*, 493 U.S. 165 (1989).

"informed, efficiently reached, and conclusive."[47] Further, the FLSA statute of limitations is only two years and extended to three for a willful violation. 29 U.S.C. § 255(a). The statute of limitations continues to run on the Putative Collective Members' claims. Therefore, it is imperative that the Putative Collective receive notice expeditiously.

> C. **When Deciding Motions for Conditional Certification, Courts within the Sixth Circuit Do Not Evaluate the Merits of the Claims or Individualized Allegations or Defenses.**

Consistent with the purpose of Section 216(b) Notice, in making the determination of whether a group of similarly situated individuals exists, the Court need not—and should not— evaluate the merits of Named Plaintiff's claims.[48] Indeed, the court "typically do[es] not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantives issues."[49]

Likewise, courts in the Sixth Circuit generally do not deny conditional certification at the notice stage based on allegations that the parties' claims or defenses are too individualized and instead hold that these issues are better raised in a motion to decertify a collective after discovery has concluded.[50] "The Sixth Circuit has provided that one example of an appropriate FLSA collective action is where the potential plaintiffs are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct .

---

[47] *Id*.
[48] Morris v. Nationwide Children's Hosp., No. 2:20-cv-3194, 2021 WL 320740, at *4 (S.D. Ohio Feb. 1, 2021) (Morrison, J.) (further citation omitted); Hamm v. S. Ohio Med. Ctr., 275 F. Supp. 3d 863, 869 (S.D. Ohio 2017) (Black, J.); Hughes v. Gulf Interstate Field Servs., Inc., No. 2:14–CV–432, 2015 WL 4112312, at *4 (S.D. Ohio July 7, 2015) (Sargus, J.) ("But, determination of whether Plaintiffs and others similarly situated qualify as exempt employees under the FLSA is a merits determination that will be considered at the second phase of certification, not at this initial conditional inquiry."); *see also Creely*, 789 F. Supp. 2d at 826 (noting that the question of whether the proposed class is "similarly situated . . . does not touch upon the merits of plaintiffs' claims").
[49] *Osman*, 2017 WL 2908864, at *6 (alteration in original) (internal quotation marks and further citation omitted).
[50] *Parker*, 2018 WL 551328, at *2 (citing *Ford*, 2016 WL 2729700, at *2); *Snelling*, 2012 WL 6042839, at *2.

. . . Nevertheless, '[s]howing a "unified policy" of violations is not required[.]'"[51]

### D. This Court Should Approve the Proposed Notice and Process.

The ultimate goal of the Court is to provide "accurate and timely notice concerning the pendency of the collective action" because it "promotes judicial economy."[52] The current trend in this Court "is to allow notice by mail and email to ensure that putative class members receive notice of the pending action."[53] However, this Court has granted notice by text message on at least one occasion,[54] and the expansively growing nationwide trend is to allow notice by text as well.[55]

---

[51] Snelling, 2012 WL 6042839, at *3 (some alteration in original) (quoting *O'Brien*, 575 F.3d at 584–85.); *Shipes*, 2012 WL 995362, at *7 ("Once plaintiffs meet their burden at the notice stage, a defendant cannot overcome their showing by arguing that individual issues predominate."); Shabazz v. Asurion Ins. Serv., No. 3:07-cv-0653, 2008 WL 1730318 (M.D. Tenn. Apr. 10, 2008) (discussing how employer's assertions regarding differences in its call centers and the different types of classifications given to employees who handle calls from customers are arguments more appropriately raised at the decertification stage of a collective action); Crawford v. Lexington-Fayette Urban Cnty. Gov't, No. 06-cv-299, 2007 WL 293865 (E.D. Ky. Jan. 26, 2007) (stating that the prospect of individual defenses does not defeat certification at the notice stage as such arguments are appropriate at the decertification stage); White v. MPW Indus. Serv., Inc., 236 F.R.D. 363, 372–73 (E.D. Tenn. 2006) (rejecting the notion that the Motor Carrier Act exemption required an individual analysis at the first stage of certification).
[52] Swigart v. Fifth Third Bank, 276 F.R.D. at 214 (S.D. Ohio 2011) (Dlott, J.) (citing *Hoffmann-La Roche*, 493 U.S. at 170).
[53] *Parker*, 2018 WL 551328, at *6 (citing *Wysincavage*, 2017 WL 5129003, at *7); *see also* Conklin v. 1-800 Flowers.com, Inc., No. 2:16-cv-675, 2017 WL 3437564, at *5 (S.D. Ohio Aug. 10, 2017) (Marbley, J.) ("[E]mail notice 'appears to be in line with the current nationwide trend' and 'advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit.'" ).
[54] Nazih v. Café Istanbul of Columbus, LLC, No. 3:17-cv-947, 2018 WL 4334613, at *7 (S.D. Ohio Sept. 11, 2018) (Marbley, J.) ("[T]his court has discretion in deciding how notice is disseminated." (Quoting *Staggs* at *2)).
[55] *See, e.g.*, Pugliese v. Gov't Employees Ins. Co., No. 21-cv-11629-DJC, 2022 WL 1129341, at *4 (D. Mass. Apr. 15, 2022); Valdez v. MichPat & Fam, LLC, No. 20-CV-2570 (AMD) (SIL), 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022) (further citation omitted) (adopting the magistrate judge's report and recommendation in its entirety, adding that "[o]bjections to notice by e-mail and text message are 'quite outdated and not in touch with the reality of current life in the United States of America.'"); Cirillo v. Citrix Sys., Inc., No. 5:21-CV-88-BO, 2022 WL 841327, at *5 (E.D.N.C. Mar. 21, 2022); Vega v. All My Sons Bus. Dev. LLC, No. CV-20-00284-TUC-RCC, 2022 WL 684380, at *5 (D. Ariz. Mar. 8, 2022); Thomas v. Maximus, Inc., No. 3:21cv498 (DJN), 2022 WL 598053, at *7 (E.D. Va. Feb. 28, 2022) (approving notice by text and stating that "text messaging has become a ubiquitous form of communication"); Copley v. Evolution Well Servs. Operating, LLC, No. 2:20-CV-1442-CCW, 2022 WL 295848, at *7 (W.D. Penn. Jan. 31, 2022) (internal quotation marks and further citation omitted) ("[I]t is appropriate in the modern digital age to distribute notice by mail, email, and text"); Gonzales v. Charter Commc'ns, LLC, No. 2:20-cv-08299-SB-AS, 2022 WL 570003, at *1 (C.D. Cal. Jan. 26, 2022) (remarking on an earlier order approving notice by U.S. mail, email, and text); Campo v. Granite Servs. Int'l, Inc., No. 1:21-cv-223-AT, 2022 WL 212205, at *9 (N.D. Ga. Jan. 24, 2022) ("[E]ach of the declarants here contended that notice by e-mail and text message would be beneficial because Defendants' employees often work in remote locations"); Rosebar v. CSWS, LLC, No. 18 C 7081, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020) (further citation omitted) ("Common sense dictates that the transitory nature of [these employees'] jobs makes notice via text message entirely appropriate."); Camp v. Bimbo Bakeries USA, Inc., No. 18-cv-378-SM, 2019 WL 440567, at *5 (D.N.H. Feb. 4, 2019); Lindsay v. Cutters Wireline Serv., Inc., No. 17-cv-01445-PAB-KLM, 2018 WL 4075877, at *4 (D. Colo. Aug. 27, 2018); Calvillo v. Bull Rogers, Inc., 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017)

At least one court within the Sixth Circuit, the Northern District of Ohio, has similarly embraced notice by text, outlining several reasons why the same should be accepted as a normal medium of distributing notice to putative collective members.[56]

The Court should conditionally certify the following collective:

> **All current and former hourly, non-exempt Ohio field workers of Defendants who had a wage deduction applied to their pay in any workweek that they were paid for more than forty (40) hours during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.**

Named Plaintiff requests that this Court authorize sending of the attached Proposed Notice and Consent to Join form[57] (**Exhibit 1**) to all Potential Opt-In Plaintiffs so as to provide them a meaningful opportunity to understand their rights and to join this litigation if they so choose:

    a.    The Proposed Notice is "timely, accurate, and informative," and therefore should be approved.[58]

    b.    Defendants should be ordered to produce a list, in electronic and importable format, of all potential Putative Collective Members, including their full names, their dates of employment, their last known home addresses, personal email addresses, and mobile phone numbers.

    c.    The Court should allow the notice to be sent to the Putative Collective Members by first class mail, email, and text.[59] Federal

---

(further citation omitted) ("Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved."); Escobar v. Ramelli Grp., L.L.C., No. 16-15848, 2017 WL 3024741 (E.D. La. July 17, 2017) (further citation omitted) (approving text notice because it "facilitates notice to [collective] members who may have changed addresses before the opt-in period").

[56] Pryke v. First Solar, Inc., No. 3:32-CV-00681-JGC, 2021 WL 5027565, at *2 (N.D. Ohio Oct. 29, 2021).

[57] Notably, Named Plaintiff's Proposed Notice and Consent to Join form is substantially similar to the form that was approved by this Court in McDaniel v. Recon Oilfield Services, Inc. No. 2:20-cv-4497, Dkt. No. 21-1 (S.D. Ohio Jan. 13, 2021); see also id., Dkt. No. 24, at PAGEID # 97–98 (approving the parties' jointly filed notice and consent form).

[58] *Hoffmann-La Roche*, 493 U.S. at 172.

[59] This Court has stated that notice by text may be permitted where a plaintiff can demonstrate that "other notice delivery methods are insufficient to contact a particular potential class member." Deloney v. SK Food Grp., Inc., No. 2:21-cv-892, 2021 WL 8651749, at *6 (S.D. Ohio Dec. 20, 2021) (Sargus, J.) (further citation omitted). Named Plaintiff can make such a showing here, as a large portion of the mailing addresses provided in the *McDaniel* case have already proven to be ineffective, and Defendants themselves have even previously admitted that there will be substantial overlap between the putative collective/class therein and the putative collective/class herein. *See* Declaration of Kelsie N. Hendren, attached as **Exhibit 4**, ¶¶ 5–9. Regardless, Named Plaintiff agrees with the *Pryke*

jurisprudence in the Sixth Circuit regularly allows simultaneous dual notice by ordinary mail and electronic mail to be sent to Putative Collective Members in the interest of judicial economy,[60] and the growing nationwide trend is to allow notice by text as well.

## IV.     CONCLUSION

For the reasons explained above, Named Plaintiff respectfully requests that this Court grant his Motion and provide the relief requested herein.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

<u>/s/ Matthew J.P. Coffman</u>
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
          agedling@mcoffmanlegal.com
          khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

---

Court that this showing should not even be required, where the court stated that such approach is "unnecessarily complicated and less effective than allowing notice by text message in the first instance. The <u>remedial purpose</u> of the FLSA guides my decision. Considering the changes in technology and the way we communicate, allowing plaintiffs to send notice via[ a *single* ] text message will increase the likelihood of potential class members receiving notice. **This is the aim of the FLSA.**" 2021 WL 5027565, at *3 n.1 (emphasis added).

[60] *See* Honaker v. Wright Bros. Pizza, Inc., No. 2:18-cv-1528, 2020 WL 134137, at *3 (S.D. Ohio Jan. 13, 2020) (Marbley, J.) ("The trend in the Southern District of Ohio, however, 'is to allow notice by mail and email to ensure that putative class members receive notice of the pending action.'") (further citation omitted).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman