IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CORY MCDANIEL**, on behalf of himself and others similarly situated, | : : : | |
| | : | Case No. 2:20-cv-4497 |
| Plaintiff, | : : | |
| v. | : : | Magistrate Judge Chelsey M. Vascura |
| **RECON OILFIELD SERVICES, INC.**, *et al.*, | : : : | |
| Defendants. | : : | |

| | | |
|---|---|---|
| **KALEN KLEES**, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 2:22-cv-1895 |
| v. | : : : | |
| **RECON OILFIELD SERVICES, INC.**, *et al.*, | : : : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : : | |

**STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Cory McDaniel ("Representative Plaintiff McDaniel") and Kalen Klees ("Representative Plaintiff Klees") (collectively "Representative Plaintiffs") brought the above-captioned actions against Recon Oilfield Services, Inc. and Triple J Oilfield Services, LLC (collectively "Defendants") (Representative Plaintiffs and Defendants collectively referred to as the "Parties") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1). Defendants deny these allegations and assert that they

12635256.2

properly paid their hourly field employees, including Representative Plaintiffs, for all overtime earned. The *McDaniel v. Recon Oilfield Services, et al.* matter was conditionally certified as a collective action, and a total of 58 hourly field employees joined the action, including Representative Plaintiffs (collectively "Plaintiffs"). Thereafter, Representative Plaintiff Klees filed the *Klees v. Recon Oilfield Services, et al.* matter, and the Parties agreed to mediate both cases together.

Representative Plaintiffs and Defendants participated in mediation and have settled Plaintiffs' claims. The Parties now jointly move for approval of their settlement. (ECF No. 105.)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may

weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties.

There is a bona fide dispute in this case as the Parties dispute whether hourly field employees have any further entitlement to unpaid overtime wages and whether this matter should be certified as a collective action. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. Indeed, settlement was reached after a day-long mediation with a neutral mediator.  The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals, and the public interest generally favors settlement of class claims. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007). Plaintiffs' counsel avers that they were able to assess Defendants' payroll and timekeeping information to perform a damages analysis.

Although the parties dispute both the existence and amount of unpaid overtime wages, the parties represent that individual settlement payments reflect approximately 100% of their overtime wage damages based on an additional 5 hours of unpaid work each for each workweek they worked over 40 hours. The exact amount will be calculated on an individual basis based on each Plaintiff's rate of pay as well as the number of workweeks in which they worked more than 40 hours.  Representative Plaintiff McDaniel will receive a $10,000.00 service award in addition to his individual payment. Further, Representative Plaintiff Klees and Opt-In Plaintiff Joshua

Shafer will each receive a $2,500.00 service award in addition to their individual payments. All of these payments are reasonable. *See Athan v. United States Steel Corp.*, 523 F.Supp.3d 960 (E.D. Mich. Mar. 3, 2021) (finding estimated recovery in the range of 11–62% of alleged damages to be reasonable); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

Moreover, attorneys' fees in the amount of Eighty-One Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($81,666.67) represent approximately one-third (1/3) of the total settlement amount and are reasonable. *See, e.g., Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Servs., Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"). Additionally, the Court acknowledges that a lodestar cross-check is not required. *See Estate of McConnell v. EUBA Corp*, No. 3:18-cv-355, 2021 WL 1966062, at *6 (S.D. Ohio May 17, 2021) (citing *Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *7 (S.D. Ohio Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1125760 (S.D. Ohio Mar. 12, 2019)). Nevertheless, the Court requested and completed an *in camera* inspection of Plaintiffs' counsel's time records and notes their fees incurred to date exceed the amount

requested by more than $18,000, but Plaintiffs' counsel have agreed to accept their reduced fees award in full satisfaction of all fees recoverable. It is also reasonable for Plaintiffs' counsel to be compensated for their litigation expenses of $7,032.16 advanced in prosecuting these cases. Finally, the Court approves payment of the Settlement Administrator's fee of $2,805 to administer the settlement.

For the foregoing reasons, the parties' Joint Motions for Approval of FLSA Collective Action Settlement (Case No. 2:22-cv-1895, ECF No. 27; Case No. 2:20-cv-4497, ECF No. 105) are **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over these actions to enforce the settlement terms, including the administration of the settlement, and the distribution process.

**IT IS SO ORDERED**.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE